IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| BLANCA PENA LOZANO<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:21-cv-46 |
| JEAN CLAUDE BRIZARD AND P.N.L.<br>TRANSPORT, LLC<br>*Defendants.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS:

**COME NOW** Defendants, Jean Claude Brizard and P.N.L. Transport, LLC, and hereby petitions this Court pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Western District of Texas, Pecos Division, of the action numbered and styled *Blanca Pena Lozano v. Jean Claude Brizard and P.N.L. Transport, LLC;* Cause No. P-8359-83-CV; In the 83rd Judicial District Court, Pecos County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1. Defendant Jean Claude Brizard was served with Plaintiff's Original Petition (the "Petition") on or about June 5, 2021. Defendant P.N.L. Transport, LLC was served with Plaintiff's Original Petition on or about June 10, 2021.This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under section 1446(b) of the United States Code. 28

U.S.C. § 1446(b). Defendants seek to remove the matter and is therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Blanca Pena Lozano was a citizen of Pecos County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4. Defendant Jean Claude Brizard was a citizen of Palm Beach County, Florida at the time this action was filed. Consequently, Defendant Jean Claude Brizard was at the time this action was commenced, and is currently, a citizen of the State of Florida and no other state.

5. Defendant P.N.L. Transport, LLC is a limited liability company formed under the laws of the State of Florida, having its principal place of business now, and at the time this action was commenced, in the State of Florida. The sole members of P.N.L. Transport, LLC are Marisol Cuervo and Pedro J. Huerta. Marisol Cuervo was a citizen of the State of Florida at the time this action was filed. Consequently, Marisol Cuervo was at the time this action was commenced, and is currently, a citizen of the State of Florida. Pedro J. Huerta was a citizen of the State of Florida at the time this action was filed. Consequently, Pedro J. Huerta was at the time this action was commenced, and is currently, a citizen of the State of Florida. Defendant P.N.L. Transport, LLC's sole members are now, and were at the time this action was commenced, citizens of the State of Florida and of no other state and as such, P.N.L. Transport, LLC is now, and was at the time this action was commenced, a citizen of the State of Florida and of no other state.

## III.
## AMOUNT IN CONTROVERSY

6. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

7. A common-sense review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiff's Petition alleges damages and seeks relief in excess of $200,000.00. (Pl. Orig. Pet., ¶ 5). Further, the Petition states that Plaintiff "suffered serious bodily injuries" in the incident made the basis of this lawsuit. (Pl. Orig. Pet, ¶ 10). Plaintiffs claim relief in a monetary amount over $200,000.00. (Pl. Orig. Pet. ¶ 5).

8. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on

NOTICE OF REMOVAL                                                                                                                         Page 3
2112475 / 1921.9

Plaintiff's claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

9. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiff chose to bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.3 (Pl. Orig. Pet., ¶ 1). In fact, Plaintiff affirmatively pleads monetary relief sought of more than $200,000.00. (Pl. Orig. Pet., ¶ 5). Plaintiff has not affirmatively plead damages of $100,000.00 or less in this action.

10. Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $200,000.00. (Pl. Orig. Pet., ¶ 5). Defendants assert that the amount in controversy in this case is in excess of $750,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

11. Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiff and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

12. By virtue of filing this Notice of Removal, the Removing Defendants do not waive their rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

13. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2. Those papers include certified copies of the Court's Docket Sheet, Plaintiff's Original Petition, and copies of all process and orders served on the Removing Defendants.

14. Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

15. Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the Court Clerk of the 83rd Judicial District Court, Pecos County, Texas promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the 83rd Judicial District Court, Pecos County, Texas to this Court, on this 30th day of June, 2021.

Respectfully submitted,

By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of June, 2021, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Ciro J. Samperi
Abraham, Watkins, Nichols,
Agosto, Aziz & Stogner
800 Commerce Street
Houston, Texas 77022

/s/ *David L. Sargent*
**DAVID L. SARGENT**