## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **BLANCA PENA LOZANO** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-46** |
| | § | |
| **JEAN CLAUDE BRIZARD AND P.N.L.** | § | |
| **TRANSPORT, LLC** | § | |
| *Defendants.* | § | |

## INDEX OF STATE COURT FILE

The following is an index identifying each state court document and the date in which each document was filed in the 83rd Judicial District Court of Pecos County, Texas.

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| **2** | | State Court File |
| **2a** | 06/29/2021 | Docket Sheet |
| **2b** | 04/28/2021 | Plaintiff's Original Petition |
| **2c** | 06/04/2021 | Return of Service – Jean Claude Brizard via Texas Department of Transportation |
| **2d** | 06/04/2021 | Return of Service – P.N.L. Transport, LLC via Texas Department of Transportation |
| **2e** | 06/23/2021 | Affidavit of Service to Jean Claude Brizard by serving Texas Department of Transportation |
| **2f** | 06/23/2021 | Affidavit of Service to P.N.L. Transport, LLC by serving Texas Department of Transportation |

# EXHIBIT 2

# EXHIBIT 2a

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/221aa8b2b7e35110b8ecf521e5c8c185

## Case Information

### BLANCA PENA LOZANO vs. JEAN CLAUDE BRIZARD,P.N.L. TRANSPORT, LLC

P-8359-83-CV

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Pecos County - 83rd District Court | Civil - Injury or Damage | Motor Vehicle Accident | 4/28/2021 |

Judge
Cadena, Robert E.

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | BLANCA PENA LOZANO | CIRO J SAMPERI |
| Defendant | P.N.L. TRANSPORT, LLC | |
| Defendant | JEAN CLAUDE BRIZARD | |

## Events ⑤

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 4/28/2021 | Filing | Petition | Plaintiff's Original Petition | Plaintiffs Original Petition - Lozano.pdf |
| 6/4/2021 | Filing | No Fee Documents | Return of Service - Jean Claude Brizard | Return of Service - Brizard.pdf |
| 6/4/2021 | Filing | No Fee Documents | Return of Service - P.N.L. Transport, LLC | Return of Service - P.N.L..pdf |
| 6/23/2021 | Filing | No Fee Documents | Return of Citation Service: Jean Claude Brizard | Brizard ROS.pdf |
| 6/23/2021 | Filing | No Fee Documents | Return of Citation Service: PNL Transport | PNL Transport ROS.pdf |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.5.0.29



# EXHIBIT 2b

Filed: 4/28/2021 9:35 AM
Gayle Henderson,
District Clerk
Pecos County, Texas

Sylvia Guerra

4/29/2021

CAUSE NO. **P-8359-83-CV**

| | | |
|---|---|---|
| **BLANCA PENA LOZANO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **PECOS COUNTY, TEXAS** |
| | § | |
| **JEAN CLAUDE BRIZARD AND** | § | |
| **P.N.L TRANSPORT, LLC** | § | **83rd**  **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, BLANCA PENA LOZANO and files this Original Petition complaining of JEAN CLAUDE BRIZARD and P.N.L TRANSPORT, LLC (collectively "Defendants") and would respectfully show as follows:

## DISCOVERY CONTROL PLAN

1.       Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 3.

## PARTIES

2.       Plaintiff, BLANCA PENA LOZANO, is a resident of Pecos County, Texas.

3.       Defendant, P.N.L TRANSPORT, LLC, is a foreign corporation organized and existing under the laws of Florida, whose principle office is located at 4271 NW 191 Street Miami Gardens, Florida 33055. Defendant P.N.L TRANSPORT, LLC, may be served by serving their registered agent for service, Joan A. Paez, in Miami-Dad County at address 4271 NW 191 Street Miami Gardens, Florida 33055. Service of said Defendant/Registered agent may be effected by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service in Texas under Section 17.062(a) and 17.063 of the Texas Civil Practice and Remedies Code because Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

4.      Defendant JEAN CLAUDE BRIZARD is resident of Palm Beach County, Florida. He may be served with process at his home at the following address: 6031 N 10th Avenue Unit #118 Greenacres, Florida 33463. Service of said Defendant may be effected by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service in Texas under Section 17.062 and 17.063 of the Texas Civil Practice and Remedies Code because Defendant is a nonresident of Texas in a suit that grows out of a collision or accident in which the person is involved while operating a motor vehicle in the state.

<u>**JURISDICTION AND VENUE**</u>

5.      The court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court. Plaintiff is seeking monetary more than $200,000.00.

6.      This court has jurisdiction over the parties because Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

8.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

9.      Venue is proper in Pecos County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the county in which all or a substantial amount of the events or omissions giving rise to the claim made the basis of this lawsuit occurred.

## FACTS

10.      On or about November 24, 2019, Plaintiff was traveling in Pecos County, Texas when Defendant JEAN CLAUDE BRIZARD caused a collision with Plaintiff. As a result of the collision, Plaintiff suffered serious bodily injuries.

## CAUSES OF ACTION AGAINST JEAN CLAUDE BRIZARD

### A.  NEGLIGENCE

11.      At the time and on the occasion in question, Defendant Brizard committed acts of omission and commission, which collectively and separately constituted negligence. Defendant Brizard had a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Brizard breached that duty, including but not limited to, one or more of the following ways:

   a.  Failing to maintain a proper lookout;

   b.  Failing to control speed;

   c.  Failing to apply the brakes to the vehicle in a timely manner to avoid the collision in question; and

   d.  Failing to operate the vehicle in a non-negligent manner;

12.      Such negligence, either singularly or in combination, proximately caused the injuries and damages sustained by the Plaintiff.

## B.  GROSS NEGLIGENCE

13.     Defendant Brizard's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of the Plaintiff and the general public. The nature of Defendant Brizard's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Brizard undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Brizard at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Brizard committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

### CAUSES OF ACTION AGAINST P.N.L TRANSPORT, LLC

## A.  NEGLIGENT HIRING

14.     Plaintiff pleads that Defendant PNL Transport owed a legal duty to protect him from the negligence of Defendant Brizard while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant PNL Transport. Plaintiff sustained damages proximately caused by Defendant PNL Transport's breach of said duty. In particular, Defendant PNL Transport was negligent in hiring Defendant Brizard, an incompetent, unfit, or reckless employee-driver whom Defendant PNL Transport knew, or by

the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

## B. NEGLIGENT RETENTION

15.    Plaintiff further pleads that Defendant PNL Transport negligently retained Defendant Brizard as an employee-driver. Defendant PNL Transport owed Plaintiff a legal duty to protect him from the negligence of Defendant Brizard while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of PNL Transport. Plaintiff sustained damages proximately caused by PNL Transport's breach of said duty. In particular, PNL Transport was negligent in retaining Defendant Brizard, an incompetent, unfit, or reckless employee-driver whom PNL Transport knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

## C. NEGLIGENT ENTRUSTMENT

16.    Plaintiff further pleads Defendant PNL Transport negligently entrusted their motor vehicle to their employee, Defendant Brizard. PNL Transport was the owner of the motor vehicle involved in the incident and consented to and permitted their employee, Defendant Brizard, to operate the motor vehicle at the time of the incident. Defendant Brizard was an incompetent or reckless driver and PNL Transport knew or should have known Defendant Brizard was an incompetent or reckless driver. Defendant Brizard was negligent on the occasion in question in a manner that was reasonably foreseeable by PNL Transport, and the negligence proximately caused Plaintiff's injuries.

## D. RESPONDEAT SUPERIOR – DEFENDANT PNL TRANSPORT

17.    Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Brizard were committed while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant PNL Transport and are thus imputed on to PNL Transport under the legal theory of *respondeat superior*.

## DAMAGES

18.    As a result of Defendants' negligence, Plaintiff suffered injuries. Plaintiff brings this action for the following damages:

   a.    Past physical pain and suffering of Plaintiff, and that which he will in all probability suffer in the future;

   b.    Past physical impairment of Plaintiff, and that which he will in all probability suffer in the future;

   c.    Past mental anguish of Plaintiff, and that which he will in all probability suffer in the future;

   d.    The medical expenses that Plaintiff has incurred in the past and will in all reasonable probability continue to incur in the future;

   e.    Past and future lost earnings or loss of wage-earning capacity; and

   f.    Any and all other damages to which Plaintiff may be justly entitled.

19.    Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## PRAYER

20.    Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recovers damages from Defendants in accordance

6

with the evidence; that Plaintiff recovers costs of court herein expended; that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, both prejudgment and post-judgment; that Plaintiff recovers actual damages; that Plaintiff is entitled to recover compensatory damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By:      */s/ Ciro J. Samperi*
         CIRO J. SAMPERI
         Texas Bar No.: 24075006
         800 Commerce Street
         Houston, Texas 77002
         Telephone: (713) 222-7211
         Facsimile: (713) 225-0827
         csamperi@awtxlaw.com

         **ATTORNEY FOR PLAINTIFF**

# EXHIBIT 2c

Filed: 6/4/2021 10:02 AM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

6/9/2021

**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

May 28, 2021

Jean Claude Brizard
6031 N. 10th Avenue, Unit #118
Greenacres, FL 33463

COPY

Re:   GCD No. 46029
       Cause No. P-8359-83-CV
       Pecos County
       Plaintiff: Blanca Pena Lozano
       Defendant: Jean Claude Brizard

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition on May 28, 2021.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:   Ciro J. Samperi
       Attorney at Law
       800 Commerce Street
       Houston, TX 77002
       Telephone (713) 222 7211

U.S. Certified Mail No. 7017 1450 0001 3753 8336
Return Receipt Requested

OUR VALUES: People • Accountability • Trust • Honesty
OUR MISSION: CONNECTING YOU WITH TEXAS

An Equal Opportunity Employer

# TEXAS TRANSPORTATION COMMISSION CHAIRMAN'S CERTIFICATE

NO. P-8359-83-CV

| | | |
|---|---|---|
| BLANCA PENA LOZANO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 83RD JUDICIAL |
| | § | |
| JEAN CLAUDE BRIZARD AND P.N.L. | § | PECOS COUNTY, TEXAS |
| TRANSPORT, LLC | | |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, and Certifies to the court as follows:

That on May 28, 2021, I was duly served with Citation and copy of Plaintiff's Original Petition in the above styled and numbered cause, which I immediately caused to be forwarded by U.S. Certified Mail, certified number 7017 1450 0001 3753 8336 addressed to Jean Claude Brizard, 6031 N. 10th Avenue, Unit #118, Greenacres, FL 33463 with postage prepaid, return receipt requested;

In witness whereof, this certificate is issued in Austin, Texas, this 28th day of May, 2021.



_____

Chairman, Texas Transportation Commission

# EXHIBIT 2d

Filed: 6/4/2021 10:04 AM
Gayle Henderson,
District Clerk
Pecos County, Texas

Arelee Flores

**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV

6/9/2021

May 28, 2021

P.N.L. Transport, LLC
4271 NW 191 Street
Miami Gardens, FL 33055

COPY

Re:   GCD No. 46030
      Cause No. P-8359-83-CV
      Pecos County
      Plaintiff: Blanca Pena Lozano
      Defendant: P.N.L. Transport, LLC

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition on May 28, 2021.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:   Ciro J. Samperi
      Attorney at Law
      800 Commerce Street
      Houston, TX 77002
      Telephone (713) 222 7211

U.S. Certified Mail No. 7017 1450 0001 3753 8350
Return Receipt Requested

OUR VALUES: *People • Accountability • Trust • Honesty*
OUR MISSION:  CONNECTING YOU WITH TEXAS

An Equal Opportunity Employer

# TEXAS TRANSPORTATION COMMISSION CHAIRMAN'S CERTIFICATE

NO. P-8359-83-CV

| | | |
|---|---|---|
| BLANCA PENA LOZANO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 83RD JUDICIAL |
| | § | |
| JEAN CLAUDE BRIZARD AND P.N.L. TRANSPORT, LLC | § | PECOS COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, and Certifies to the court as follows:

That on May 28, 2021, I was duly served with Citation and copy of Plaintiff's Original Petition in the above styled and numbered cause, which I immediately caused to be forwarded by U.S. Certified Mail, certified number 7017 1450 0001 3753 8350 addressed to P.N.L. Transport, LLC, 4271 NW 191 Street, Miami Gardens, FL 33055 with postage prepaid, return receipt requested;

In witness whereof, this certificate is issued in Austin, Texas, this 28th day of May, 2021.



_____

Chairman, Texas Transportation Commission

# EXHIBIT 2e

Filed: 6/23/2021 3:31 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

Sylvia Guerra

## AFFIDAVIT OF SERVICE

| State of Texas | County of Pecos | 83rd Judicial District Court |
|---|---|---|

Case Number: P-8359-83-CV

6/23/2021

Plaintiff:
**Blanca Pena Lozano**

vs.

Defendant:
**Jean Claude Brizard and P.N.L. Transport LLC**

For:
Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner
800 Commerce Street
Houston, TX 77002

Received by Mike Techow on the 27th day of May, 2021 at 3:39 pm to be served on **Jean Claude Brizard by serving the Texas Transportation Commission, 125 E. 11th Street, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **28th day of May, 2021** at **3:15 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **2 copies - Citation and Plaintiff's Original Petition with a $25.00 Texas Transportation Fee** with the date of service endorsed thereon by me, to: **Stacie Deal, Texas Transportation Commission** as **Authorized Agent** at the address of: **125 E. 11th Street, Austin, Travis County, TX 78701** on behalf of **Jean Claude Brizard**, and informed said person of the contents therein, in compliance with state statutes.

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on May 28, 2021 by Mike Techow, declarant.

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**Southwest Litigation Service**
**826 Heights Blvd.**
**Houston, TX 77007**
**(713) 650-1800**

Our Job Serial Number: MST-2021003687
Ref: Lozano vs. Brizard

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

Copy from re:SearchTX

# EXHIBIT 2f

Filed: 6/23/2021 3:31 PM
Gayle Henderson,
District Clerk
Pecos County, Texas

## AFFIDAVIT OF SERVICE

Sylvia Guerra

**83rd Judicial District Court**

| | | |
|---|---|---|
| **State of Texas** | **County of Pecos** | |

Case Number: P-8359-83-CV

6/23/2021

Plaintiff:
**Blanca Pena Lozano**

vs.

Defendant:
**Jean Claude Brizard and P.N.L. Transport LLC**

For:
Abraham, Watkins, Nichols, Sorrels, Agosto, Aziz & Stogner
800 Commerce Street
Houston, TX 77002

Received by Mike Techow on the 27th day of May, 2021 at 3:39 pm to be served on **P.N.L. Transport, LLC by serving the Texas Transportation Commission, 125 E. 11th Street, Austin, Travis County, TX 78701.**

I, Mike Techow, being duly sworn, depose and say that on the **28th day of May, 2021** at **3:15 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **2 copies - Citation and Plaintiff's Original Petition with a $25.00 Texas Transportation Fee** with the date of service endorsed thereon by me, to: **Stacie Deal, Texas Transportation Commission** as **Authorized Agent** at the address of: **125 E. 11th Street, Austin, Travis County, TX 78701** on behalf of **P.N.L. Transport, LLC,** and informed said person of the contents therein, in compliance with state statutes.

My name is Mike Techow. My date of birth is 6/26/1972. My work address is 809 Nueces, Austin, TX 78701. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County on May 28, 2021 by Mike Techow, declarant.

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**Southwest Litigation Service**
**826 Heights Blvd.**
**Houston, TX 77007**
**(713) 650-1800**

Our Job Serial Number: MST-2021003688
Ref: Lozano vs. Brizard