IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **BLANCA PENA LOZANO** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00046 |
| | § | |
| **JEAN CLAUDE BRIZARD AND P.N.L.** | § | |
| **TRANSPORT, LLC** | § | |
| *Defendants.* | § | |

**DEFENDANTS JEAN CLAUDE BRIZARD AND P.N.L. TRANSPORT, LLC'S ORIGINAL FEDERAL ANSWER**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

**COME NOW,** Jean Claude Brizard and P.N.L. Transport, LLC ("Defendants") in the above entitled and numbered case, and file this their Original Federal Answer in response to Plaintiff's Original Petition and any supplements and amendments thereto, and would respectfully show as follows:

### A.  ANSWER

#### I.  Discovery Control Plan

1. Defendants contend that as a discovery procedure under Texas state law, following removal to federal court, discovery will be conducted pursuant to this Court's Scheduling Order and Federal Rule of Civil Procedure 26. To the extent a response is required, Defendants deny the averments contained in Paragraph 1 of Plaintiff's Original Petition.

#### II.  Parties

2. Defendants do not have sufficient information to admit or deny the averments as to Plaintiff, as set out in Paragraph 2 of Plaintiff's Original Petition.

3. With respect to the averments contained in Paragraph 3 of Plaintiff's Original Petition, Defendants admit that P.N.L. Transport, LLC is a limited liability company formed under the laws of the State of Florida, with its principal place of business in the State of Florida, and that Plaintiff sought to serve Defendant though the Chairman of the Texas Transportation Commission.

4. With respect to the averments contained in Paragraph 4 of Plaintiff's Original Petition, Defendant admits that Jean Claude Brizard is a resident of the State of Florida, and that Plaintiff sought to serve Defendant though the Chairman of the Texas Transportation Commission.

### III.   Jurisdiction and Venue

5. With respect to the averments contained in Paragraph 5 of Plaintiff's Original Petition, Defendants admit that Plaintiff's Original Petition sets out damages that exceed the amount in controversy requirement for jurisdiction in United States District Court. Defendants deny the remaining averments in Paragraph 5 of Plaintiff's Original Petition.

6. With respect to the averments contained in Paragraph 6 of Plaintiff's Original Petition, Defendants admit venue exists in the United States District Court for the Western District of Texas Pecos Division. Defendants deny the remaining averments in Paragraph 6 of Plaintiff's Original Petition.

7. With respect to the averments contained in Paragraph 7 of Plaintiff's Original Petition, Defendants admit the United States District Court for the Western District of Texas Pecos Division has jurisdiction over all parties. Defendants deny the remaining averments in Paragraph 7 of Plaintiff's Original Petition.

8. With respect to the averments contained in Paragraph 8 of Plaintiff's Original Petition, Defendants admit the United States District Court for the Western District of Texas Pecos

Division has jurisdiction over all parties. Defendants deny the remaining averments in Paragraph 8 of Plaintiff's Original Petition.

9. With respect to the averments contained in Paragraph 9 of Plaintiff's Original Petition, Defendants admit venue exists in the United States District Court for the Western District of Texas Pecos Division. Defendants deny the remaining averments in Paragraph 9 of Plaintiff's Original Petition.

### IV.     Facts

10. Defendants deny all averments contained and set forth in Paragraph 10 of Plaintiff's Original Petition.

### V.     Plaintiff's Causes of Action

**a. Negligence**

11. Defendants deny all averments contained and set forth in Paragraph 11, including subparts a. through d., of Plaintiff's Original Petition.

12. Defendants deny all averments contained and set forth in Paragraph 12 of Plaintiff's Original Petition.

**b. Gross Negligence**

13. Defendants deny all averments contained and set forth in Paragraph 13 of Plaintiff's Original Petition.

### VI.     Plaintiff's Causes of Action Against P.N.L. Transport, LLC

**a. Negligent Hiring**

14. Defendants deny all averments contained and set forth in Paragraph 14 of Plaintiff's Original Petition.

**b. Negligent Retention**

15. Defendants deny all averments contained and set forth in Paragraph 15 of Plaintiff's Original Petition.

### c. Negligent Entrustment

16. Defendants deny all averments contained and set forth in Paragraph 16 of Plaintiff's Original Petition.

### d. Respondeat Superior – Defendant PNL Transport

17. Defendants deny all averments contained and set forth in Paragraph 17 of Plaintiff's Original Petition.

## VII. Plaintiff's Damages

18. Defendants deny all averments contained and set forth in Paragraph 18, including subparts a. through f., of Plaintiff's Original Petition.

19. Defendants deny all averments contained and set forth in Paragraph 19 of Plaintiff's Original Petition.

## VIII. Plaintiff's Prayer

20. To the extent a response is required, Defendants deny the averments contained in Paragraph 20 of Plaintiff's Original Petition.

21. To the extent that any allegations have not been either expressly admitted or denied herein, Defendants deny all such allegations and averments.

## B. AFFIRMATIVE DEFENSES

22. Defendants assert the following affirmative defenses in this case:

23. <u>Comparative Responsibility</u>: Defendants would show that the damages or liabilities of which Plaintiff complains, if any exist, are the result in whole or in part of the negligence of Plaintiff, in that Plaintiffs failed to use that degree of care that a person of ordinary prudence would have used under the same or similar circumstances and that such acts and/or

omissions were the proximate, producing, contributing, and/or sole cause of the damages to Plaintiff, if any.

24. <u>Loss of Income:</u> Defendants would show that pursuant to section 18.091 of the Texas Rules of Civil Practice and Remedies Code, to the extent that Plaintiff is seeking recovery of past and future lost wages, evidence of this loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law. Defendants further assert the protections contained in section 18.091 of the Texas Rules of Civil Practice and Remedies Code.

25. <u>Failure to Mitigate Damages</u>. Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff's failure to mitigate damages.

26. <u>Pre-Judgment Interest.</u> For further answer, if same be necessary, Defendants further alleges that Plaintiff's claims for pre-judgment interest are limited by the damages and amounts set forth in: Chapter 304, Texas Finance Code; and Chapter 41, Texas Civil Practice and Remedies Code; as applicable to this case.

27. <u>Unreasonable & Excessive Treatment & Expenses</u>: Defendants would further show that the medical treatment claimed by Plaintiff was excessive and unnecessary and that the medical expenses claimed were unreasonable and unnecessary and were not proximately caused by any act and/or omission by Defendants.

28. <u>Paid or Incurred Medical Expenses:</u> Defendants would further show that Plaintiff's medical expenses should be limited to those actually paid or incurred by or on behalf of the claimant pursuant to Texas Civil Practice & Remedies Code section 41.0105 and *Haygood v. De Escabedo*, 256 S.W.3d 390, 395 (Tex. 2011).

29. <u>Pre-existing Conditions</u>. Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part Defendants.

30. <u>New and Independent Cause.</u> Defendants would further show that any damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of a "new and independent cause," which intervened between Defendants' alleged original wrong and the final injury so that the injury is attributed to a more remote cause asserted against Defendant.

31. <u>Proportionate Responsibly:</u> Defendants would further show that any damages or liabilities complained of by Plaintiff herein are the result, in whole or in part, of Plaintiff, and that pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code, Defendant is entitled to have the trier of fact determine the percentage of responsibility with respect to each parties' causing or contribution to cause in any way the harm for which recover of damages is sought by Plaintiff.

32. <u>Subsequent Conditions</u>. Defendants would further show that any injuries, damages, or liabilities complained of by Plaintiff herein are the result, in whole or in part, of subsequent conditions, injuries, diseases, and disabilities and not the result of any act or omission on the part of Defendants.

33. <u>Unavoidable Accident</u>: Pleading further, if necessary, Defendants would show the accident complained of was an unavoidable accident over which Defendants had no control, or in the alternative, it was beyond the reasonable control or foreseeability of Defendant to prevent.

34. <u>Sudden Emergency</u>: Defendants further assert that they were confronted by a sudden emergency arising suddenly and unexpectedly, which was not proximately caused by any

negligence on Defendants part and which to a reasonable person, requires immediate action without time for deliberation. Defendants specifically denies that any act or omission of theirs was a producing cause of the injuries and damages, if any, claimed by the Plaintiffs in this cause of action.

35. <u>Limitation on Exemplary Damages</u>: Defendants would further show that Plaintiff's claims for exemplary damages, if any, are controlled by and limited by section 41.008 of the Texas Civil Practice and Remedies Code.

### C. **AFFIRMATIVE DEFENSES AS TO EXEMPLARY DAMAGES**

36. By way of further affirmative defense, Defendants allege that to the extent Plaintiff seeks recovery of unlimited exemplary damages against Defendants, such damages violate the State of Texas and United States Constitutions, including the excessive fines, due process, and due course of law clauses of the aforesaid Constitutions.

37. Defendants further allege by way of constitutional challenge that to the extent Plaintiff seeks exemplary damages pursuant to Texas law such law violates the due process clause of the Fourteenth Amendment to the United States Constitution and the excessive fines clause of the Eighty Amendment of the United States Constitution.

38. Pleading further, and without waiver of any of Defendants' defenses, Defendants specifically pleads the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code including, but not limited to, sections 41.001, 41.002, 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009, 41.010, 41.001, 41.012 and 41.013.

39. Defendants would further show that, even if Plaintiff proves the allegations in his complaint, any recovery of exemplary damages is limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

40. In the alternative, Defendants plead a recovery, if any, in the cause for exemplary damages be limited by Chapters 41 and 101 of the Texas Civil Practice and Remedies Code.

41. Defendants would further show that Plaintiff has sued Defendants for exemplary damages and that to award exemplary damages against Defendants would be in violation of the Texas and United States Constitutions as follows:

**Due Process**:

a) An award for punitive damages against Defendant, as pled by Plaintiffs, denies Defendant due process of law and is in violation of the Texas Constitution, Article I, § 19, Amendments V and XIV to the United States Constitution for the following reasons:

   1) There is no statutory or reasonable ascertainable common law limitations on the amount of punitive damages Plaintiffs may recover against Defendants which denies Defendants fair notice of the maximum amount of punitive damages that may be awarded against it. Because an award of punitive damages is punitive or penal in nature, due process requires that a punitive damage award be subject to ascertainable limits and Defendant is entitled to notice of the maximum amount of any such penalty or fine that may be assessed against them.

   2) The factors that may be considered in determining the amount of punitive damages to be imposed upon the Defendant are vague and overly broad and fail to provide Defendant access to the Courts in due course of the law to provide for and provide a defense to an excessive award of punitive damages.

   3) The standard for recovery of exemplary damages, "gross negligence" is vague and overly broad and does not provide Defendant with adequate prior notice of conduct which would constitute the basis for an imposition of punitive damages and/or the amount of punitive damages that may be imposed.

   4) The imposition of exemplary damages, being punitive and penal in nature, requires proof of a higher standard than "preponderance of the evidence." Due process requires that Plaintiffs must establish the liability for and the amount of punitive damages by clear and convincing evidence.

**Ex Post Facto Law**:

a) Permitting recovery of punitive damages without previous notice to Defendant of the conduct which constitutes the basis for imposition of punitive damages and/or the maximum amount of such damages which could be imposed constitutes an imposition of an ex post facto law and penalty which violates Article I, § 9 Clause 3 of the United States Constitution and Article I, § 16 of the Texas Constitution.

**Excessive Fine:**

a) In addition to the allegations set forth above, an award of exemplary damages that is not based on reasonable guidelines, and which is not subject to a reasonable, ascertainable, maximal limitations constitutes the imposition of an excessive fine, in violation of Article I, § 13 of the Texas Constitution, and Amendment 8 of the United States Constitution.

**Equal Protection**

a) Allowing a jury to set punitive damages based upon the wealth or net worth of a party or any financial considerations in regard to the parties and to authorize or allow imposition of punitive damages in light of such evidence or based upon such standard is a violation of the equal protection law of this country and this state, including Amendment IX of the United States Constitution and Article I, § 3 of the Texas Constitution.

b) Chapter 41 of the Texas Civil Practice and Remedies Code provides a limitation on the amount of damages that can be awarded as punitive damages for the gross negligence of a tortfeasor. Such statutory limitation applies to an action in which a claimant seeks punitive damage as pursuant to a cause of action for recovery of damages for negligence resulting in personal injury or death. Defendant would show that Chapter 41 establishes an unlawful classification and unfairly discriminates against Defendant. This unfair discrimination denies equal protection under the law in violation of the United States and Texas Constitutions.

**Separation of Powers:**

a) The allowance of punitive damages against Defendant without a specific statute governing the maximum amount or the standards for determining the amount of the award constitutes a violation of the separation of powers doctrine as provided in Articles I, II and III of the United States Constitution. In effect, an award of exemplary damages in an amount to be determined by a jury without any limitations would constitute both the passage of a law which is a legislative function, and the trial under such law, which is a judicial function (determining the described conduct in setting the fine and forfeiture).

D. **CHAPTER 41 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE**

42.  In addition, and by way of further affirmative defense, Defendants specifically plead the limitations set forth in Chapter 41 of the Texas Civil Practice and Remedies Code:

a.  § 41.003, which requires (a) that Plaintiffs prove by clear and convincing evidence, as defined by §41.001 (2), that the harm with regard to which they seek recovery resulted from fraud, malice or gross negligence; (b) that the burden may not be shifted to the Defendant or satisfied by evidence of ordinary negligence, bad faith or a deceptive trade practice; (d) that exemplary damages may be awarded only if the jury was unanimous in regard to finding liability for and the amount of exemplary damages; and (e) that the jury must be instructed as to the requirement of unanimity regarding a decision on exemplary damages.

b.  § 41.004, which states (a) that except as provided by Subsection (b), exemplary damages may be awarded only if damages other than nominal damages are awarded; and (b) exemplary damages may not be awarded to a claimant who elects to have his recovery multiplied under another statute.

c.  § 41.006, which requires that, in an action in which there are two or more Defendants, an award of exemplary damages must be specific as to the Defendants, and each Defendant is liable only for the amount of each award made against that Defendant.

d.  § 41.007, which precludes the assessment or recovery of prejudgment interest on awards of exemplary damages.

e.  § 41.008, which (a) requires the trier of fact to determine the amount of economic damages separately from the amount of other compensatory damages; and (b) places limitations on the Plaintiffs' recovery of exemplary damages to the greater of (1) two times the amount of economic damages, as defined by § 41.001(4), plus an amount equal to non-economic damages found by the jury, not to exceed $750,000.00; or (2) $200,000.00.

f.  § 41.008(e), which provides that the preceding limitations may not be made known to the jury.

g.  § 41.009, which requires a bifurcated trial upon motion by any Defendant.

h.  § 41.010 and §41.012, which provide the jury instructions and considerations necessary before making and awarding exemplary damages.

i.  § 41.011, which provides the six areas of evidence that the trier of the fact shall consider relating to exemplary damages and providing that evidence that is relevant only to the amount of exemplary damages is not admissible during the first phase of a bifurcated trial.

j. § 41.013, which sets forth the standard for judicial review of the award.

k. § 41.0105, which states that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount of medical or health care expenses actually paid or incurred by or on behalf of the claimant.

43. In the event that this chapter does not apply, then:

a. There should be no recovery of exemplary or punitive damages for the reason that an award of such damage would be unconstitutional in failing to place a limit on the amount of such damage award; an award of such damages would be void for vagueness and violated of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution; an award of such damages would violate Art 1, § 10 and § 13 of the Constitution of the State of Texas.

b. Any award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendments to the United States Constitution.

c. Punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 19 of the Constitution of the State of Texas, or the Constitution and laws of any other state deemed to apply in this case.

d. Any award of punitive damages would be imposed under a standard of conduct formulated years after any of Defendant's actions; a retroactive application of the standard of conduct formulated years after any of Defendant's action; a retroactive application of the standard of conduct would be a violation of due process.

### E. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Jean Claude Brizard and P.N.L. Transport, LLC pray that Plaintiff takes nothing by this action, that Defendants be awarded costs and reasonable attorney's fees pursuant to 29 U.S.C. section 1132(g), and that the Court grant Defendants any such other and further relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

By: /s/ *David Sargent*

**DAVID L. SARGENT**  
State Bar No.: 17648700  
david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**  
1717 Main Street, Suite 4750  
Dallas, Texas 75201  
Telephone: (214) 749-6000  
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of June, 2021, a true and correct copy of the foregoing document was forwarded via U.S. Mail to counsel for Plaintiff:

Ciro J. Samperi  
Abraham, Watkins, Nichols,  
Agosto, Aziz & Stogner  
800 Commerce Street  
Houston, Texas 77022

/s/ *David L. Sargent*  
**DAVID L. SARGENT**